THE ECUADORIAN ASSOCIATION, Ltd.,

*v.*

THE ECUADOR COMPANY et al.

[Argued June 22d, 1906. Decided March 4th, 1907.]

An agreement to exchange property for fully-paid capital stock of a company to be thereafter issued cannot be enforced in a case where the property is not of the value of the nominal par of the stock, and there has been no adjudication by the board of directors that it is of such value.

On appeal of Charles C. Black, receiver, from a decree of the court of chancery, advised by Vice-Chancellor Stevens, whose opinion is reported in *70 N. J. Eq. (4 Robb.) 277.*

The facts are stated in his opinion.

*Mr. Charles L. Corbin,* for the appellant.

*Mr. Robert H. McCarter,* attorney-general, for the respondent Robert C. Pruyn.

The opinion of the court was delivered by

SWAYZE, J.

This case does not involve the liability of a stockholder on stock issued for property at an overvaluation. The evidence satisfies us, as it satisfied the vice-chancellor, that the stock was never actually issued to Mr. Pruyn. A certificate was indeed made out in his name, but it never actually came into his possession, and was never accepted by him.

His liability turns upon a contract to take stock. We agree with the vice-chancellor that the deposit of stock of the Ecuadorian Association with the London bankers, in response to the

circular letter to the stockholders of the association, evinced his assent to the terms of the letter. The question is whether these facts imposed a legal liability upon the, defendant. Counsel for the appellant dwells upon the remark of the vice-chancellor that this was a *binding* contract, but this remark was a mere inadvertence since the opinion proceeds to decide the case upon the theory that the contract was not binding. In this view we concur. The agreement was to exchange the Ecuadorian Association stock for the Ecuador Company stock to be issued, and one of the terms was that the Ecuador Company stock was to be fully paid. Both Pruyn and the Ecuador Company knew that this was an original issue of stock, and that the only payment to be made therefor was the Ecuadorian Association stock to be given in exchange. The evidence shows that the Ecuadorian Association stock issued to Pruyn could not be worth its nominal par. It had been issued in exchange for stock of other companies organized by Pruyn for the purpose, whose only valuable assets were Pruyn's agreement to acquire thereafter for them certain properties in Ecuador.

Moreover, the board of directors of the Ecuador Company never adjudged, even in form, that the value of the Ecuadorian Association stock to be acquired from Pruyn was equal in value to the nominal par of the Ecuador Company stock to be issued therefor.

It was an essential and inseparable term of the agreement that the Ecuador Company stock should be fully paid. There was not an absolute contract to take stock, with an independent agreement to pay for it in property. All the terms of the agreement were mutually dependent, and one term was illegal. If Pruyn had sought an enforcement of the agreement, the company might properly have said that it was without power to issue fully-paid stock for the consideration proposed. *Donald* v. *American Smelting Co., 62 N. J. Eq. (17 Dick.) 729.*

In an action by the company or its receivers Pruyn may, with equal propriety, urge the illegality of the contract in his defence. *Volney* v. *Nixon, 68 N. J. Eq. (2 Robb.) 605.*

The decree should be affirmed.

*For affirmance*—The Chief-Justice, Garrison, Garretson, Hendrickson, Pitney, Swayze, Trenchard, Vroom, Green, Gray, Dill—11.

*For reversal*—Reed, Bogert, Vredenburgh—3.